UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES WILTZIUS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-661 (VLB) |
| TOWN OF NEW MILFORD, | : | |
| KATHLEEN CASTAGNETTA, | : | |
| JOANNE CHAPIN, JANICE DOBSON, | : | |
| DON BERTOLA, BILL BUTLER, | : | |
| PATRICIA HEMBROOK, | : | |
| MARTY MONTEIRO, | : | |
| MARCELLA MARTIN, VALERIE WILSON, | : | |
|     Defendants. | : | March 12, 2008 |

## MEMORANDUM OF DECISION AND ORDER GRANTING IN PART THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. #111], AND DISMISSING ALL REMAINING CLAIMS

Now before the court is the defendants' motion for summary judgment. The plaintiff, James Wiltzius, brings this case against the defendants, the Town of New Milford (the "Town" or "New Milford"), Kathleen Castagnetta, Joanne Chapin, Janice Dobson, Don Bertola, Bill Butler, Patricia Hembrook, Marty Monteiro, Marcella Martin and Valerie Wilson, alleging that the town violated his substantive due process rights pursuant to 42 U.S.C. § 1983, and asserting common law claims for misrepresentation, private nuisance, public nuisance, and negligence against the individual defendants. For the reasons hereinafter set forth, the motion for summary judgment is GRANTED as to the lone federal claim conferring on this court subject matter jurisdiction over this case. The remaining

1

state law claims are DISMISSED, without prejudice to Wiltzius's rights to file an action in state court, if any exist.

## I. Standard

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Bouboulis v. Transp. Workers Union of Am., 442 F.3d 55, 59 (2d Cir. 2006) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the burden of showing that no genuine issues exist as to any material facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). If the moving party meets its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). "If the party moving for summary judgment demonstrates the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." Burt Rigid Box, Inc.

2

v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

"The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir.1990) (internal quotations and citations omitted). A party also may not rely on conclusory statements or unsupported allegations that the evidence in support of the motion for summary judgment is not credible. Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993).

The court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006).

## II. Facts

The following facts culled from the pleadings and affidavits, and exhibits thereto, are relevant to the current motion. The following discussion includes only those facts relevant to and necessary for the court's ruling on the motion for summary judgment, rather than treating every fact included in the parties lengthy pleadings. For purposes of this motion, the court accepts facts as true if undisputed by the parties and resolves issues of disputed fact in favor of Wiltzius

3

as the non-moving party, where there is evidence to support his claims.

Essentially, Wiltzius claims that the defendants violated duties they owed to him in allowing expansion of non-conforming uses on the property adjacent to his own, resulting in property damage and an unsafe living environment.  Wiltzius has owned the property located at and resided at 14 Sherman Road in New Milford since 1999.  Castagnetta was the zoning enforcement officer ("ZEO") of New Milford.  Bertola, Butler, Chapin, Dobson, Hembrook, Monteiro and Martin, were all voting members of New Milford's Zoning Board of Appeals (the "Board").  Wilson served as the Board's secretary.  Garden Homes Management Company and Sixth Garden Park Limited Partnership (collectively the "Gardens"), not parties to this action, own and manage Candle Hill Mobile Home Park (the "Park").

The Park holds approximately sixty mobile homes in a plot adjacent to Wiltzius's property.  It is located in an area zoned for single family residence that prohibits mobile homes, but is allowed to continue operations as a non-conforming use because the Park predates the town's current zoning regulations.  The Park was historically without an adequate storm drainage system or adequate waste disposal systems.  The conditions in the Park violate both state Public Health and Safety Codes and Department of Environment Protection ("DEP") orders.

On July 11, 2003, the Gardens applied to the Board for variances that

would allow replacement of three mobile homes located in the Park with newer, larger models. On July 22, 2003, the Gardens sent the ZEO a letter stating that: 1) the variances sought were to perpetuate a non-conforming use; 2) in their opinion the increased size of the home did not enlarge the non-conforming use because it did not increase the population or mobile home density of the Park, nor the physical size of the Park; 3) mobile homes were no longer manufactured in the size currently residing in the Park and any replacement would necessarily increase the mobile homes' size; 4) the newer homes would improve the quality of life in the Park; and 5) the arguments made on behalf of the variance should apply to the replacement of any and all mobile homes in the Park. [Doc. #115, Ex. N] On October 15, 2003, the Board granted the Gardens a variance permitting them to replace all existing mobile homes in the Park with newer, larger models.

On October 27, 2003, the ZEO issued permits authorizing the Gardens to replace three mobile homes. On February 10, 2004, Wiltzius noticed work being done in the Park. A Gardens employee told him a variance had been granted allowing the replacement of the outdated mobile homes. On February 25, 2004, the ZEO issued two additional permits authorizing replacement of older mobile homes. Wiltzius spoke with the ZEO and Board secretary, both of whom stated he would have to raise any complaints with the Board at its next meeting. Wiltzius attended the Board's next meeting, held on March 23, 2004. He presented evidence of garbage and water on his property prior to the variance, and claimed the replacement of the mobile homes would increase the effects on

5

his property.  The Board noted a potential deficiency in the notice given for its October 15, 2004, meeting and summoned the Gardens to address the issue at the Board's next meeting.

On April 5, 2004, Wiltzius filed an appeal of the Park's variance.  The appeal triggered an automatic stay of all proceedings pursuant to Connecticut General Statutes § 8-7.  On April 16, 2004, Wiltzius filed suit against the Gardens in Litchfield Superior Court, CV 04-0092934-S.  At the Board's April 26, 2004, meeting, Wiltzius's appeal was sustained and the variance granted on October 15, 2003, was rescinded for insufficient notice of the public hearing.  On May 17, 2004, Wiltzius applied for a temporary injunction of replacement of all mobile homes in the Park until all appeals to the Board had been decided.  On May 24, 2004, the superior court (Brunetti, J) granted a partial injunction, holding the Gardens could complete replacement of mobile homes where work had already commenced but preventing initiation of any further mobile home replacements.  <u>See</u> <u>Wiltzius v. Garden Homes Mgmt. Corp.</u>, 2004 Conn. Super. Lexis 1346 (Conn. Super. May 24, 2004).  On June 11, 2004, the Gardens applied for and received a certificate of zoning compliance from the ZEO for replacement of one of the mobile homes.  Wiltzius appealed the issuance of the certificate to the Board.

Based on the repeal of the variance, on July 21, 2004, the Board also rescinded the permits the ZEO had issued in reliance on the variance.  At July 26 and September 22, 2004, meetings, the Board considered Wiltzius's appeal of the certificate.  On September 8, 2004, Wiltzius filed a second lawsuit in Litchfield

Superior Court, CV 04-000579-S. On November 17, 2004, the Board denied Wiltzius's appeal of the certificate. Following the Board's denial, Wiltzius filed two administrative appeals with the Litchfield Superior Court, CV 05-4001552-S and CV 05-4001553-S. The parties appealed the Superior Court's rulings on the administrative appeals to the Connecticut Appellate Court. That court consolidated the appeals and ruled on February 26, 2008. See Wiltzius v. Zoning Bd. of Appeals of New Milford, 106 Conn. App 1 (Conn. App. 2008). On April 22, 2005, Wiltzius initiated this action.

### III. Discussion

### A. Substantive Due Process

Wiltzius claims that the town, through the Board, its members, and the ZEO, violated his substantive due process rights when it allowed the enlargement of existing trailers in the park knowing that the new trailers posed a variety of health and safety threats to himself, his family and his property. The town's primary argument in support of the motion for summary judgment is that there are no disputed issues of material fact that could lead a reasonable jury to conclude that the Board acted in an arbitrary or outrageous manner to the extent necessary to a prove a substantive due process claim.[1]

---

[1]The town asserts secondary arguments that Wiltzius 1) did not have a valid property interest in the Board's granting of variances or permits to replace trailers in the park, and 2) the town should not be held liable for the actions of the Board. The court (*Hall, J*) previously dealt with these arguments in denying the defendants' motion to dismiss this claim, Wiltzius v. Town of New Milford, 453 F. Supp. 2d 421, 433, 435-36 (D. Conn. 2006), and the town has not asserted any new

The parties agree that "[f]or state action to be taken in violation of the requirements of substantive due process, the denial must have occurred under circumstances warranting the labels 'arbitrary' and 'outrageous.'" Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999). In other words, substantive due process prevents conduct that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 847 n. 8 (1998).

"Arbitrary conduct that might violate zoning regulations as a matter of state law is not sufficient to demonstrate conduct so outrageously arbitrary as to constitute a gross abuse of governmental authority that will offend the substantive component of the Due Process Clause." Natale, 170 F.3d at 262. A conventional planning dispute is a matter for the state courts to address unless tainted with a fundamental irregularity such as racial animus. See id.; Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 785-90 (2007). "This would be true were planning officials to clearly violate, much less 'distort' the state scheme under which they operate." Id. (quoting Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 832-33 (1st Cir. 1982)).

This court (*Hall, J*) sent a strong message to Wiltzius in dealing with this very issue in considering the defendants' motion to dismiss. In denying that motion, the court stated: "It may ultimately be the case that Wiltzius will fail to

---

arguments that cause the court to reconsider that decision.

adduce sufficient evidence to support his substantive due process claim and will have to face the consequences of such failure at summary judgment or trial. At this point, though, the court is unable to conclude beyond doubt that Wiltzius could prove no set of facts under his Amended Complaint that would entitle him to relief for violations of his substantive due process rights by the Town." Wiltzius v. Town of New Milford, 453 F. Supp. 2d at 437. Wiltzius has produced no additional facts that could lead a reasonable jury to conclude the Board's actions were so arbitrary and outrageous as to shock the conscience.

Wiltzius first mistakenly attempts to rely on the court's denial of the motion to dismiss to oppose the current motion. This is not a motion to dismiss. The court is now considering a motion for summary judgment that carries a different burden of proof than a motion to dismiss and the court applies a different legal standard. Wiltzius misinterpreted the court's warning as an endorsement of his claim to his own detriment.

Secondly, Wiltzius submits facts unrelated to his substantive due process claim in opposition to this motion. Relying entirely on a few of the Town's responses to his requests for admissions, Wiltzius asserts that "the Town and its officials" knew that the park existed in violation of DEP orders, the septic systems in the Park had failed, and that the Park violated Public Health and Safety Codes. [Doc. #121-4] This is a mischaracterization of the facts. The definition of "defendant" in the requests for admission cited by Wiltzius includes the "town sanitarian" and the "health department personnel responsible for DEP

9

orders from the state and sewage issues with the town." [Doc. #121-4] Admissions in response to these requests in no way implicate a level of knowledge or action on the part of the Board or the ZEO.

Contrarily, Wiltzius's supplemental requests for admissions specifically ask if the Board or the ZEO had knowledge of the Park's septic problems or DEP sanctions. [Doc. #121-5] They denied such knowledge. [Doc. #121-5] Wiltzius has offered no evidence to challenge that position. In fact, he admits that neither the Board nor the ZEO has regulatory or enforcement authority over septic systems in the Town, including the Park. [Doc. #121-2]

Wiltzius alleges that the Board and the ZEO violated his substantive due process rights and that the town is liable for the actions of the Board and the ZEO. The claim rests solely on the actions of the Board and the ZEO; the town is only implicated for indemnity and, for purposes of this motion, is not responsible for any actions separate and apart from those of the Board and ZEO. Wiltzius has produced no evidence that the Board or ZEO knew or should have known of any problems with the Park's septic systems. He also has not produced any evidence that the Board or the ZEO knew or should have known that allowing the Gardens to replace existing mobile homes in the Park with newer, larger models would exacerbate the septic problems in the Park and damage Wiltzius's property. Further, the evidence shows that the Board and the ZEO relied on representations by the Gardens that mobile homes of the size existing in the Park were no longer manufactured and the replacement homes would actually benefit

10

the health and safety of the Park and the Town's residents.

The evidence on the record shows this is a conventional planning dispute that does not implicate the due process clause. As such, the dispute is more appropriately addressed by the Connecticut state courts. See Natale, 170 F.3d at 263 ("Substantive due process . . . does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative action"). This ruling does not speak to the legality of the defendants' actions under state law. In fact, on February 26, 2008, the Connecticut Appellate Court ruled in favor of Wiltzius on an appeal consolidating three of the four lawsuits he initiated. See Wiltzius v. Zoning Bd. of Appeals of New Milford, 106 Conn. App 1. The availability of state court remedies that specifically address any wrongs Wiltzius suffered only further supports this ruling.

The motion for summary judgment is GRANTED as to Wiltzius's claim that the town violated his substantive due process rights. He has not produced any evidence of arbitrary or outrageous conduct by the defendants and has pointed to no issues of material fact that could lead a reasonable jury to believe the granting of the variances, permits or certificate in question shocked the conscience. The defendants appear to have run afoul of local zoning ordinances. However, those issues are more appropriately litigated before the state courts, and in fact have been pending before those courts for four years.

### B. State Law Claims

The dispute between Wiltzius, the defendants, the Gardens and the individual owners of trailers in the park has a long and complicated history in the Connecticut state court system. The four superior court actions Wiltzius filed against the Gardens, the individual owners of the mobile homes, the Town, the Board, and the ZEO are based on the same set of underlying facts. As such, it would be inefficient for the common law tort claims asserted by Wiltzius, most of which are based merely on negligence, to remain before this court.

The court declines to exercise its supplemental jurisdiction over Wiltzius's remaining state law claims against the individual defendants in this case. The claims for misrepresentation, private nuisance, public nuisance and negligence are DISMISSED, without prejudice.

### IV. Conclusion

For the reasons stated above, the defendants' motion for summary judgment is GRANTED in part. There exist no issues of material fact that could lead a reasonable jury to conclude the Town violated Wiltzius's substantive due process rights, as their actions were not clearly arbitrary and outrageous. The court further declines to exercise supplemental jurisdiction over Wiltzius's remaining state law claims for misrepresentation, private nuisance, public nuisance and negligence. Wiltzius has availed himself of the remedies afforded by the state courts to address similar claims, and should continue to do so.

**Those claims are DISMISSED, without prejudice.**

**The clerk shall terminate this action.**

**IT IS SO ORDERED.**

_____/s/_____

**Vanessa L. Bryant**

**United States District Judge**

**Dated at Hartford, Connecticut: March 12, 2008.**